IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYDIA LEYBA and LAWRENCE TRUJILLO,
as co-personal representatives of the
ESTATE OF ROBERT DOMINGUEZ, deceased,

    Plaintiffs,

vs.                                               No. 16-CV-185 WPL/LF

CITY OF SANTA FE; CHARLES A. LARAMIE, II;
RAYMOND J. RAEL; BOARD OF COUNTY COMMISSIONERS
OF SANTA FE COUNTY;
SANTA FE REGIONAL EMERGENCY COMMUNICATIONS CENTER
BOARD OF DIRECTORS; ROBERT EAGAN; JUDITH EAGAN;
LIVEWATCH SECURITY LLC d/b/a SAFEMART; and DOES I-V,

    Defendants.

## ANSWER TO SECOND AMENDED COMPLAINT

COME NOW Defendants Board of County Commissioners of Santa Fe County ("Santa Fe County") and Santa Fe Regional Emergency Communications Center Board of Directors ("RECC Board") (collectively herein, "Defendants"), by their undersigned counsel, and hereby answer the Second Amended Complaint for Wrongful Death Under the New Mexico Tort Claims Act and New Mexico Common Law and Petition for Appointment of Co-Personal Representatives ("Complaint") (Doc 1-1).

    1.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the Complaint.

    2.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2.

    3.   On information and belief, subject to proof, Defendants admit the averments set forth in paragraph 3.

4.   On information and belief, subject to proof, Defendants admit the averments set forth in paragraph 4, except Defendants have no knowledge or information regarding Mr. Laramie's residency.

5.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 5.

6.   Defendants admit the averments set forth in paragraph 6.

7.   Defendants admit the averments set forth in paragraph 7.

8.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8.

9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 regarding unnamed, anonymous persons.

10.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10.

11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 11.

12.  Defendants admit the averments set forth in paragraph 12.

13.  Defendants admit the averments set forth in paragraph 13.

14.  Defendants admit the averments set forth in paragraph 14 except they deny any implication that the Tort Claims Act claim states a justiciable claim for relief against these Defendants.

15.  Defendants admit the averments set forth in paragraph 15.

16.   Defendants admit the averments set forth in paragraph 16.

17.   Defendants admit the averments set forth in paragraph 17.

18.   Defendants deny the averments set forth in paragraph 18.

19.   Defendants admit the averments set forth in paragraph 19.

20.   Regrading paragraph 20, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

21-26.    Regarding paragraphs 21-26, Defendants do not have sufficient relevant information as to the matter and they therefore take no position on the proposed motion at this time.

27.   Regrading paragraph 27, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

28-38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 28-38.

39.   Defendants admit the averments set forth in paragraph 39 regarding LiveWatch's communication to the RECC, but are without knowledge or information regarding the remainder of paragraph 39.

40.   Defendants deny the averment set forth in paragraph 40 as to what the RECC dispatch operator, in fact, said to LiveWatch, and admit that RECC made no further inquiry of LiveWatch but affirmatively state that such inquiry would have been inappropriate and/or unnecessary in a situation where law enforcement was already on scene.

41.   Defendants admit the averment set forth in the first sentence of paragraph 41 but they deny the remaining averments in paragraph 41 as materially inaccurate and incomplete.

42.  Defendants deny the averments set forth in paragraph 42.

43-62.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 43-62.

63.  Regrading paragraph 63, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

64.  Defendants deny the averments set forth in paragraph 64 regarding the RECC Operators, and they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 64 as to other Defendants, which in any event are legal conclusions rather than factual allegations.

65.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 65, which in any event are legal conclusions rather than factual allegations.

66.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 66 regarding unidentified, anonymous persons, which are legal conclusions rather than factual allegations.

67-68.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 67-68.

69-73.  Defendants deny the averments in paragraphs 69-73.

74.  Regarding paragraph 74, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

75-84.  Defendants are without knowledge or information

4

sufficient to form a belief as to the truth of the averments set forth in paragraphs 75-84.

85.   Regarding paragraph 85, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

86-97.   Defendants deny the averments in paragraphs 86-97.

98.   Regarding paragraph 98, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

99-103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 99-103.

104. Regarding paragraph 104, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

105-111.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 105-111.

112. Regarding paragraph 112, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

113-118.   Defendants deny the averments in paragraphs 113-118 of the Complaint.

119. Regarding paragraph 119, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

120-126.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 120-126.

127. Regarding paragraph 127, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

128-135. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 128-135.

136. Regarding paragraph 136, Defendants adopt and incorporate their responses to the corresponding paragraphs of the Complaint.

137. Defendants deny the averments in paragraph 137.

## AFFIRMATIVE DEFENSES

Defendants hereby raise the following separate and alternative affirmative defenses:

1. As to one or more of the causes of action pleaded against Defendants (the First, Third, and Sixth), the Complaint fails to state claims upon which relief can be granted against Defendants.

2. Defendants Santa Fe County and RECC Board of Directors are immune from liability under § 63-9D-10 of the Enhanced 911 Act, NMSA 1978.

3. Defendants Santa Fe County and RECC Board of Directors are immune from liability under the Tort Claims Act.

4. The individual defendants, Does I-V, are entitled to qualified immunity under 42 U.S.C. § 1983.

5. If Defendants were negligent, which they expressly deny, then the comparative fault of all parties, persons and entities, including but not limited to the decedent, must be apportioned.

6. Plaintiff's decedent failed to mitigate his damages.

7. The Third Cause of Action (under 42 U.S.C. § 1983) is frivolous, unreasonable and/or without evidentiary basis and/or legal foundation. See 42 U.S.C. § 1988 (court may award attorney's

fees to "prevailing party" in 42 U.S.C. § 1983 claim); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 n. 2 (1983) (prevailing defendant may recover attorney's fees where plaintiff's § 1983 claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith"); <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978); <u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980). Thus, Defendants are entitled to attorney's fees.

8.    Defendants hereby reserve the right to raise additional affirmative defenses based on future investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor against the Plaintiffs and to order that:

(a)   The Complaint be dismissed with prejudice;

(b)   Plaintiff pay costs; and

(c)   Defendants be granted such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**/s/ Michael Dickman**
**MICHAEL DICKMAN**
PO Box 549
Santa Fe, NM 87504
(505) 989-9360
**Attorney for Defendants**
**Board of County Commissioners**
**and RECC Board of Directors**

## CERTIFICATE OF SERVICE

I certify that I caused copies of this pleading
to be electronically served on
all counsel of record
at their email addresses as registered on CM/ECF
on the date of filing hereof

**/s/ Michael Dickman**
**MICHAEL DICKMAN**