IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYDIA LEYBA and LAWRENCE TRUJILLO,
as co-personal representatives of the ESTATE
OF ROBERT DOMINGUEZ, deceased,

       Plaintiffs,

v.                                                                                              CV 16-185 WPL/LF

CITY OF SANTA FE; CHARLES A. LARAMIE, II;
RAYMOND J. RAEL; BOARD OF COUNTY
COMMISSIONERS OF SANTA FE COUNTY;
SANTA FE REGIONAL EMERGENCY
COMMUNICATIONS CENTER BOARD OF DIRECTORS;
ROBERT EAGAN; JUDITH EAGAN; LIVEWATCH
SECURITY LLC d/b/a SAFEMART; and DOES I-V;

       Defendants.

**ORDER GRANTING SUMMARY JUDGMENT ON PLAINTIFFS' THIRD
AND SIXTH CAUSES OF ACTION AGAINST THE COUNTY DEFENDANTS**

This lawsuit is based upon the accidental shooting of Robert Dominguez, the father of Plaintiffs, by Officer Charles Laramie of the Santa Fe Police Department in the early morning hours of March 4, 2013. I have previously granted summary judgment to the Board of County Commissioners of Santa Fe County and Santa Fe Regional Emergency Communications Center Board of Directors (collectively County Defendants) concerning Plaintiffs' first cause of action against them under the New Mexico Tort Claims Act. (Doc. 55.)

The County Defendants have now filed a motion for judgment on the pleadings or alternative motion for summary judgment on Plaintiffs' third and sixth causes of action in their Second Amended Complaint. (Doc. 61). Plaintiffs oppose the motion. While they acknowledge that my findings concerning the conduct of the 911 operators would apply to their other causes of

action, they claim that the 911 operators' conduct shocks the conscience to establish a substantive due process violation, and request limited discovery to respond to the County Defendants' motion. (Doc. 68). I need not repeat here the standards for assessing a Rule 56(d) request for further discovery and for considering a motion for summary judgment, which are set out in my earlier order.

Plaintiffs' third cause of action alleges that the 911 operators violated Mr. Dominguez's Fourteenth Amendment substantive due process right to bodily integrity. The touchstone of due process is protection of the individual against arbitrary action of the government. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (U.S. 1998). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense," *id*. at 846 (quotation and citation omitted), and the state must have acted in a way that "shocks the conscience" for an individual to recover. *Id*. at 847. The Supreme Court specifically recognized that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. at 849. This proposition has been affirmed in many cases. *See Gray v. U. of Colo. Hosp. Auth.*, 672 F.3d 909, 929 (10th Cir. 2012); *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995); *Saenz v. Lovington Mun. Sch. Dist.*, 105 F.Supp.3d 1271, 1313 (D.N.M. 2015). Because I found previously that the 911 operators' conduct did not rise above the level of mere negligence, the County Defendants' are entitled to summary judgment on this cause of action.

Plaintiffs' sixth cause of action states a claim against the County Defendants for municipal liability. The law is well-settled that a municipal entity may not be held liable without an underlying constitutional violation. *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015); *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *Saenz*, 105 F.Supp.3d at

1314. Because the 911 operators at most acted negligently and did not cause any constitutional violation, the County Defendants are entitled to summary judgment on this claim also.

Plaintiffs' Rule 56(d) motion for additional discovery is denied, and the County Defendants' motion for summary judgment on Plaintiffs' third and sixth causes of action is granted.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge